IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WEBMAP TECHNOLOGIES LLC<br><br>    v.<br><br><br>CITY ACCOMODATIONS NETWORK, INC.;<br>CITYSEARCH, LLC;<br>EXPEDIA, INC.;<br>IAC/INTERACTIVECORP;<br>GOOGLE, INC.;<br>MICROSOFT CORPORATION;<br>THE WASHINGTON POST COMPANY;<br>TICKETMASTER, INC.;<br>TRAVELOCITY.COM, INC.;<br>TRAVELOCITY.COM, LP;<br>TRIPADVISOR LLC;<br>YAHOO! INC.;<br>YELLOWPAGES.COM LLC;<br>YELP! INC. and<br>ZAGAT SURVEY, LLC | Civil Action No. _____<br><br><br><br><br><br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

## **ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement in which WebMap Technologies LLC submits this Complaint against CITY ACCOMODATIONS NETWORK, INC.; CITYSEARCH, LLC; EXPEDIA, INC., GOOGLE, INC.; IAC/INTERACTIVECORP; MICROSOFT CORPORATION; THE WASHINGTON POST COMPANY; TICKETMASTER, INC.; TRAVELOCITY.COM, INC.; TRAVELOCITY.COM, LP; TRIPADVISOR LLC; YAHOO! INC.; YELLOWPAGES.COM LLC; YELP! INC. and ZAGAT SURVEY, LLC (collectively "Defendants").

**PARTIES**

1.      WebMap Technologies LLC ("WebMap Technologies" or "Plaintiff") is a Texas Limited Liability Company with its principal place of business in Frisco, Texas.

2.      On information and belief, Defendant CITY ACCOMODATIONS NETWORK, INC., a/k/a U.S. Travel Group, and d/b/a Riverwalk Hotel Map, and d/b/a Airport Hotel Guide, and d/b/a Austin Hotel Map ("CAN") is a California corporation with its principal place of business in West Hollywood, California. This Defendant may be served with process through its registered agent, Tishia Mornson, 9577 Sagebrush St., Apple Valley, California 92308.

3.      On information and belief, Defendant CITYSEARCH, LLC ("CITYSEARCH") is a Delaware corporation with its principal place of business in Queen Creek, Arizona. This Defendant may be served with process through its registered agent, National Registered Agents, Inc., 16055 Space Center, Suite 235, Houston, Texas 77062.

4.      On information and belief, Defendant EXPEDIA, INC. ("EXPEDIA") is a Washington corporation with its principal place of business in Bellevue, Washintgon. This Defendant may be served with process through its registered agent, National Registered Agents, Inc., 16055 Space Center, Houston, Texas 77062.

5.      On information and belief, Defendant GOOGLE, INC. ("GOOGLE") is a Delaware corporation with its principal place of business in Mountainview, California. This Defendant may be served with process through its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service, 2730 Gateway Oaks Drive, Suite 100, Sacramento, California 95833.

6.      On information and belief, Defendant IAC/INTERACTIVECORP ("IAC") is a Delaware corporation with its principal place of business in New York, New York. This

Defendant may be served with process through its registered agent, National Registered Agents, Inc., 875 Avenue of the Americas, Suite 501, New York, New York 10001

7.    On information and belief, Defendant MICROSOFT CORPORATION ("MICROSOFT") is a Washington corporation with its principal place of business in Redmond, Washington. This Defendant may be served with process through its registered agent, Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

8.    On information and belief, Defendant THE WASHINGTON POST COMPANY ("WASHINGTON POST") is a Delaware corporation with its principal place of business in Washington, DC. This Defendant may be served with process through its registered agent, C T Corporation System, 1015 15th Street, N.W., Suite 1000, Washington, DC 20005.

9.    On information and belief, Defendant TICKETMASTER, INC. which, upon information and belief, does business as Citysearch ("TICKETMASTER") is a Delaware corporation with its principal place of business in West Hollywood, California. This Defendant may be served with process through its registered agent, National Registered Agents, Inc., 16055 Space Center, Suite 235, Houston, Texas 77062.

10.    On information and belief, Defendant TRAVELOCITY.COM, INC. ("TRAVELOCITY INC.) is a Delaware corporation with its principal place of business in Southlake, Texas. This Defendant may be served with process through its registered agent, Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

11.    On information and belief, Defendant TRAVELOCITY.COM, LP ("TRAVELOCITY LP") is a Delaware limited partnership with its principal place of business in Southlake, Texas. This Defendant may be served with process through its registered agent, Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

12.     On information and belief, Defendant TRIPADVISOR LLC ("TRIPADVISOR") is a Delaware corporation with its principal place of business in Needham, Massachusetts. This Defendant may be served with process through its registered agent, National Registered Agents, Inc., 16055 Space Center, Suite 235, Houston, Texas 77062.

13.     On information and belief, Defendant YAHOO! INC. ("YAHOO") is a Delaware corporation with its principal place of business in Sunnyvale, California. This Defendant may be served with process through its registered agent, CT Corporation System, 350 N. St. Paul St., Dallas, Texas 75201.

14.     On information and belief, Defendant YELLOWPAGES.COM LLC ("YELLOPAGES") is a Delaware corporation with its principal place of business in Dallas, Texas.  This Defendant may be served with process through its registered agent, CT Corporation System, 350 N. St. Paul St., Dallas, Texas 75201.

15.     On information and belief, Defendant YELP! INC.  ("YELP") is a Delaware corporation with its principal place of business in San Francisco, California. This Defendant may be served with process through its registered agent, Kevin Newsum, 7711 Wykeham, Austin, Texas 78749.

16.     On information and belief, Defendant ZAGAT SURVEY, LLC ("ZAGAT") is a Delaware corporation with its principal place of business in New York, New York. This Defendant may be served with process through its registered agent, National Corporate Research Ltd., 10 East 40th Street, 10th Floor, New York, New York, 10016.

## JURISDICTION AND VENUE

17.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331

and 1338(a).  On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including at least a portion of the infringements alleged herein.  Without limitation, within this district the Defendants have engaged in the making and using of the accused interactive mapping functionality on the websites identified herein below.  Also, Defendants have induced and contributed to infringing end use within this district of the accused interactive mapping functionality on the websites identified herein below.  In addition, on information and belief, Defendants have derived substantial revenues from reviews and bookings in and from this district and nearby areas.  Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas.

18.    Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). On information and belief, from and within this Judicial District each Defendant has committed at least a portion of the infringements at issue in this case.  Without limitation, within this district the Defendants have engaged in the making and using of the accused interactive mapping functionality on the websites identified herein below.  Also, Defendants have induced and contributed to infringing end use within this district of the accused interactive mapping functionality on the websites identified herein below.  In addition, on information and belief, Defendants have derived substantial revenues from reviews and bookings in and from this district and nearby areas.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 6,772,142**

19.     WebMap Technologies is the exclusive licensee of, and it owns all substantial rights to, United States Patent No. 6,772,142 ("the '142 Patent") entitled "Method and Apparatus for Collecting and Expressing Geographically-Referenced Data." The '142 Patent was filed on October 31, 2000 and duly and legally issued on August 3, 2004.  A true and correct copy of the '142 Patent is attached as Exhibit A.

20.     On information and belief, Defendant CAN has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '142 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making and using the interactive mapping functionality found at www.riverwalkhotelmap.com, www.austinhotelmap.com and/or www.airporthotelguide.com.  This Defendant is thus liable for infringement of the '142 Patent pursuant to 35 U.S.C. § 271.

21.     On information and belief, Defendant CITYSEARCH has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '142 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making and using the interactive mapping functionality found at www.citysearch.com.  This Defendant is thus liable for infringement of the '142 Patent pursuant to 35 U.S.C. § 271.

22.     On information and belief, Defendant EXPEDIA has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '142 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making and using the interactive mapping functionality

6

found at www.expedia.com.  This Defendant is thus liable for infringement of the '142 Patent pursuant to 35 U.S.C. § 271.

23.     On information and belief, Defendant GOOGLE has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '142 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making and using the interactive mapping functionality found at http://maps.google.com.  This Defendant is thus liable for infringement of the '142 Patent pursuant to 35 U.S.C. § 271.

24.     On information and belief, Defendant IAC has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '142 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making and using the interactive mapping functionality found at www.urbanspoon.com.

25.     On information and belief, Defendant MICROSOFT has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '142 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making and using the interactive mapping functionality found at www.expedia.com and/or www.bing.com/maps (f/k/a www.mapblast.com).

26.     On information and belief, Defendant WASHINGTON POST has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '142 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making and using the interactive mapping functionality found at the "going out guide" at www.washingtonpost.com/gog.

27.     On information and belief, Defendant TICKETMASTER has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '142 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making and using the interactive mapping functionality found at www.citysearch.com.

28.     On information and belief, Defendant TRAVELOCITY INC. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '142 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making and using the interactive mapping functionality found at www.travelocity.com.

29.     On information and belief, Defendant TRAVELOCITY LP has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '142 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making and using the interactive mapping functionality found at www.travelocity.com.

30.     On information and belief, Defendant TRIPADVISOR has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '142 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making and using the interactive mapping functionality found at www.tripadvisor.com.

31.     On information and belief, Defendant YAHOO has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '142 Patent in the State of Texas, in this judicial district, and elsewhere in the

United States by actions comprising making and using the interactive mapping functionality found at http://maps.yahoo.com and/or http://local.yahoo.com.

32.     On information and belief, Defendant YELLOWPAGES has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '142 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making and using the interactive mapping functionality found at www.yellowpages.com.

33.     On information and belief, Defendant YELP has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '142 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making and using the interactive mapping functionality found at www.yelp.com.

34.     On information and belief, Defendant ZAGAT has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '142 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making and using the interactive mapping functionality found at WWW.ZAGAT.COM.

35.     As a result of Defendants' infringing conduct, Defendants have damaged WebMap Technologies. Defendants are liable to WebMap Technologies in an amount that adequately compensates WebMap Technologies for their infringement, which, by law, can be no less than a reasonable royalty.

36.     As a consequence of Defendants' infringement, WebMap Technologies has been irreparably damaged and such damage will continue without the issuance of an injunction from this Court.

37.     On information and belief, WebMap Technologies has complied with the marking requirements of 35 U.S.C. § 287 to the extent required by law.

38.     Upon information and belief, at least Google has been aware of the '142 patent for some time prior to the filing of this suit, and at least Google's infringing activities have been willful and objectively reckless since receiving notice of the patent.  Further, to the extent any Defendant who was previously unaware of the '142 patent continues to infringe during the pendency of this suit, such infringement would necessarily be willful and objectively reckless. Accordingly, WebMap Technologies seeks and/or reserves the right to seek a willfulness finding against Defendants relative to their infringement of the '142 patent.

## PRAYER FOR RELIEF

WHEREFORE, WebMap Technologies respectfully requests that this Court enter:

1.     A judgment in favor of WebMap Technologies that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '142 Patent;

2.     A judgment that the Defendants' infringement is and/or has been willful and objectively reckless;

3.     A permanent injunction enjoining Defendants, and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '142 Patent;

4.      A judgment and order requiring Defendants to pay WebMap Technologies its

damages, costs, expenses, and prejudgment and post-judgment interest for Defendants'

infringement of the '142 Patent as provided under 35 U.S.C. § 284;

5.      An award to WebMap Technologies for enhanced damages as provided under 35

U.S.C. § 284;

6.      A judgment and order finding that this is an exceptional case within the meaning

of 35 U.S.C. § 285 and awarding to WebMap Technologies its reasonable attorneys' fees; and

7.      Any and all other relief to which WebMap Technologies may show itself to be

entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of

any issues so triable by right.


November 3, 2009                              Respectfully submitted,

                                             WEBMAP TECHNOLOGIES LLC

                                             By: /s/ John J. Edmonds
                                             John J. Edmonds – LEAD COUNSEL
                                             Texas State Bar No. 00789758
                                             Michael J. Collins
                                             Texas Bar No. 04614510
                                             Henry M. Pogorzelski
                                             Texas Bar No. 24007852
                                             COLLINS, EDMONDS & POGORZELSKI, PLLC
                                             709 Sabine Street
                                             Houston, Texas 77007
                                             Telephone: (713) 501-3425
                                             Facsimile: (832) 415-2535
                                             johnedmonds@cepiplaw.com
                                             mcollins@cepiplaw.com
                                             hpogorzelski@cepiplaw.com

Andrew W. Spangler
State Bar No. 24041960
Spangler Law P.C.
208 N. Green Street, Suite 300
Longview, Texas 75601
(903) 753-9300
(903) 553-0403 (fax)
spangler@spanglerlawpc.com

ATTORNEYS FOR PLAINTIFF
WEBMAP TECHNOLOGIES LLC