UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WEBMAP TECHNOLOGIES LLC, § § § | |
| v.   § | Civil Action No. 2:09-CV-0343-DF |
| § | |
| CITY ACCOMMODATIONS NETWORK, § INC.; CITYSEARCH, LLC; EXPEDIA, § INC.; IAC/INTERACTIVECORP; § GOOGLE, INC.; § MICROSOFT CORPORATION; THE § WASHINGTON POST COMPANY; § TICKETMASTER, INC.; § TRAVELOCITY.COM, INC.; § TRAVELOCITY.COM LP; TRIPADVISOR § LLC; YAHOO! INC.; § YELLOWPAGES.COM LLC; YELP! INC.; § and ZAGAT SURVEY, LLC. § | JURY TRIAL REQUESTED |

## **YAHOO! INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

In its Complaint, Plaintiff Webmap Technologies LLC ("Webmap") has improperly included a placeholder for a future willfulness allegation against Yahoo! and then requested an exceptional case finding based solely on this placeholder. Webmap effectively concedes that it has no factual basis to support such an allegation against Yahoo!, as it does not assert that Yahoo! has willfully infringed the patent-in-suit. Instead, Webmap states that it "reserves the right" to request a finding of willfulness in the event that it discovers that defendants other than Google were aware of the patent before Webmap filed the Complaint or in the event that "any Defendant who was previously unaware of the [patent-in-suit] continues to infringe during the pendency of this suit." (Complaint at ¶ 38.) Webmap also requests that the Court find this case

to be "exceptional" under 35 U.S.C. § 285, when, as the Complaint now stands, the only possible grounds for the finding could be willful infringement. (Complaint at Prayer, ¶ 6.) Webmap's purported reservation of rights does not sustain a willfulness count in a pleading. As a result, Webmap's request for an exceptional case award is also unfounded.

Yahoo! Inc. ("Yahoo!") therefore moves under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Webmap's purported reservation of rights for a willfulness claim and its request for a finding of an exceptional case against Yahoo! In the alternative, Yahoo! moves pursuant to Rule 12(e) of the Federal Rules of Civil Procedure for a more definite statement of Webmap's willfulness and exceptional case claims against Yahoo! Yahoo! also moves under Rule 12(f) of the Federal Rules of Civil Procedure to strike Paragraph 6 of the Prayer for Relief of the Complaint, which seeks relief that — as the pleading now stands — can only be based on Webmap's deficient willfulness allegation.

**FACTS**

In this case, Webmap sued Yahoo!, along with a number of other companies, alleging they infringe U.S. Patent No. 6,772,142. After setting out its infringement count, Webmap included the following in its Complaint:

> 38. Upon information and belief, at least Google has been aware of the '142 patent for some time prior to the filing of this suit, and at least Google's infringing activities have been willful and objectively reckless since receiving notice of the patent. Further, to the extent any Defendant who was previously unaware of the '142 patent continues to infringe during the pendency of this suit, such infringement would necessarily be willful and objectively reckless. Accordingly, WebMap Technologies seeks and/or reserves the right to seek a willfulness finding against Defendants relative to their infringement of the '142 patent.

(Complaint at ¶ 38.) In keeping with its "reservation of rights," Webmap did not plead any facts required for a showing of willful infringement.

Moreover, in its Prayer for Relief, Webmap requests "[a] judgment and order that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Webmap Technologies its reasonable attorneys' fees." (Complaint at Prayer, ¶ 6.) Webmap has alleged no facts in its Complaint upon which an exceptional case determination could be made against Yahoo! As explained below, without additional factual information that would support its willfulness allegation or additional bases for its exceptional case request, Webmap's rights reservation and request for relief under Section 285, to the extent they relate to Yahoo!, fail to pass muster. The Court should dismiss Webmap's willful infringement allegation against Yahoo! and strike Webmap's request for an exceptional case award against Yahoo!

## ARGUMENT

Webmap's willfulness allegation and request for an exceptional case finding against Yahoo! are improper. Webmap has failed to allege any facts that would support a finding that Yahoo! has willfully infringed. Instead, Webmap has merely reserved the right to do so in the future. As explained below, Webmap's reservation is insufficient to support a willfulness allegation. The Court should therefore dismiss any willfulness charge against Yahoo! by Webmap. Moreover, the only possible grounds expressed in the Complaint for a finding of an exceptional case is willful infringement. Given that Webmap has not alleged that Yahoo! has willfully infringed, but instead merely reserved the right to do so in the future, the Court should strike Webmap's request for a finding of an exceptional case, to the extent that request extends to Yahoo! In the alternative, the Court should require Webmap to replead its willfulness allegation and exceptional case request, setting forth the facts upon which it bases these claims.

**A.     The Court should dismiss Webmap's willful infringement allegation against Yahoo!**

Webmap's "reservation" of a right to seek a willfulness finding at some later date is insufficient to sustain a willful infringement finding against Yahoo! and is insufficient to state a claim upon which relief may be granted. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The pleading standard under Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also Norris v. Hearst Trust*, 500 F.3d 454, 464 (5th Cir. 2007) ("To withstand a Rule 12(b)(6) motion, the complaint must allege 'more than labels and conclusions,' 'a formulaic recitation of the elements of a cause of action will not do' and '[F]actual allegations must be enough to raise a right to relief above the speculative level . . .'") (quoting *Twombly*, 550 U.S. at 555-56) (alteration in original).

Webmap does not allege that Yahoo! has willfully infringed the patent-in-suit and has plead *no facts* concerning Yahoo! that could support a willfulness allegation. (Complaint at ¶ 38.) For example, Webmap has not alleged that Yahoo! knew of the risk of infringement, or even that Yahoo! was aware that the patent-in-suit existed, before the suit was filed. *In re Seagate Tech. LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) ("[T]o establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent."). Instead, Webmap stated that "at least" one defendant (not Yahoo!) was aware of the patent-in-suit before Webmap filed this case and that "[t]o the extent any Defendant who was previously unaware" of

the patent in suit "continues to infringe during the pendency of this suit, such infringement would necessarily be willful and objectively reckless." (Complaint at ¶ 38.) Thus, Webmap does not actually allege that Yahoo! has willfully infringed the patent-in-suit. It merely reserves the right to do so at some later date in time. In effect, Webmap attempts to trump the Court's rules for amending pleadings by including a placeholder for a willfulness count. Because it failed to plead any facts in support of its willful infringement rights reservation against Yahoo! (or even to allege willful infringement), Webmap does not afford the Court an opportunity to evaluate whether, if its factual allegations are "accepted as true," Webmap's pleading can support a claim to relief that is "plausible on its face." *Iqbal*, 129 S.Ct. at 1949. Webmap's reservation of rights is therefore defective, and the Court should not credit this "allegation" as true. *Id.*; *see, e.g.*, *Celgene Corp. v. Teva Pharms. USA, Inc.*, 412 F.Supp.2d 439, 445 (D.N.J. 2006) (dismissing and striking from complaint plaintiff's willful infringement claim because factual and legal allegations in complaint could not support a finding of willful infringement); *Aventis Pharma Deutschland GmBH v. Lupin Ltd.*, 409 F.Supp.2d 722, 730-731 (E.D. Va. 2006) (same). Yahoo! accordingly requests that the Court dismiss the willfulness allegation of the Complaint, as it applies to Yahoo!

**B.     The Court should strike Webmap's request for an exceptional case finding.**

Yahoo! requests that the Court strike Webmap's request for a finding that this case is exceptional under 35 U.S.C. § 285, to the extent that request pertains to Yahoo! "A motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law." *Bureerong v. Uvawas,* 922 F. Supp. 1450, 1479 n.34 (C.D.Cal. 1996); *see also Hemphill v. Celanese Corp.*, No. 3:08-CV-2131, 2009 WL 2949759 (N.D. Tex. Sept. 14, 2009) (striking request for punitive damages that are legally unavailable under statute

defining claim-in-suit). Although striking portions of a pleading is an exceptional remedy that must be viewed through the minimal pleading standards of Rule 8, *see, e.g.*, *Hemphill* at *2, when the underlying claims are insufficiently pled, striking the related prayers for relief may be appropriate, *see Nichia Corp. v. Seoul Semiconductor Ltd.,* No. C-06-0162 MCM, 2006 WL 1233148, at *2 (N.D. Cal. May 9, 2006) (striking prayer seeking treble damages when willful infringement allegation failed to satisfy pleading requirements).

As the Complaint now stands, willful infringement is the only potential basis for a finding that this case is exceptional. The Federal Circuit has limited the grounds upon which a court can find a case exceptional under Section 285. *See, e.g.*, *Wedgetail, Ltd. v. Huddleston Deluxe, Inc.*, 576 F.3d 1302, 1304-05 (Fed. Cir. 2009) ("As this court has consistently found, however, only a limited universe of circumstances warrant a finding of exceptionality in a patent case: 'inequitable conduct before the PTO; litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit or willful infringement.'") (quoting *Epcon Gas Sys., Inc. v. Bauer Compressors, Inc.*, 279 F.3d 1022, 1034 (Fed. Cir. 2002) and listing cases). Of these possible grounds, Webmap has mentioned only willful infringement—and only as a fact-less placeholder. Given that Webmap has not alleged that Yahoo! has willfully infringed, but instead merely reserved the right to do so in the future, the Court should strike Webmap's request for a finding of an exceptional case.

### C. In the alternative, the Court should require Webmap to replead its willfulness allegation and exceptional case request.

If the Court does not grant Yahoo!'s motion to dismiss, Yahoo! respectfully requests that the Court exercise its discretion and order Webmap to amend its pleading to provide a more definite statement of its willfulness and exceptional case claims. A motion for more definite

statement under Rule 12(e) may still be appropriate, even if a complaint survives a motion to dismiss. *See, e.g. Agilent Techs., Inc. v. Micromuse, Inc.*, 2004 WL 2346152 at *4 (S.D.N.Y. Oct. 19 2004). Rule 12(e) of the Federal Rules of Civil Procedure allows a defendant to seek more information when a complaint is vague or ambiguous:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired.

Fed. R. Civ. P. 12(e).

As set forth above, Webmap's Complaint is impermissibly vague with respect to Webmap's willful infringement allegation and request for an exceptional case finding. Webmap failed to allege or supply facts that support even the possibility of a claim. Yahoo! cannot respond to Webmap's willful infringement allegation or its request for an exceptional case finding when it does not know why Webmap believes they are appropriate. Should the Court decline to grant Yahoo!'s motion to dismiss, Yahoo! requests that the Court order Webmap to plead its willful infringement claim and exceptional case request adequately, if at all, so that Yahoo! may properly respond.

## CONCLUSION

Webmap's failure to allege facts that plausibly suggest that Yahoo! has willfully infringed the patent-in-suit consigns both its willful infringement allegation and its request for an exceptional case finding to failure. Just as the complaint at issue in *Bell Atlantic* did not contain sufficient facts to nudge the plaintiff's claims "across the line from conceivable to plausible," *see Twombly*, 540 U.S. at 1974, Webmap's Complaint includes no facts to support an allegation that Yahoo! willfully infringed. Yahoo! therefore respectfully requests that the Court dismiss

Webmap's willfulness allegation and strike its request for an exceptional case finding, as they apply to Yahoo!.

Dated: January 6, 2010

Respectfully submitted,

 /s/ Scott F. Partridge
Scott F. Partridge
Lead Attorney
Texas Bar No. 00786940
scott.partridge@bakerbotts.com
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, TX  77002
Telephone:  (713) 229-1569
Facsimile:  (713) 229-7769

Amanda Woodall (*pro hac vice*)
Texas Bar No. 24028139
amanda.woodall@bakerbotts.com
Lisa C. Kelly
Texas Bar No. 24041659
lisa.kelly@bakerbotts.com
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, TX  77002
Telephone:  (713) 229-1234
Facsimile:  (713) 229-7769

Melissa R. Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH LLP
303 South Washington
Marshall TX 75670
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257

**ATTORNEYS FOR DEFENDANT YAHOO! INC.**

- 9 -

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on January 6, 2010, a copy of the foregoing motion was served electronically, via CM/ECF, on all counsel of record who are deemed to have consented to such service under the Court's local rules.

                                                 */s/ Scott F. Partridge*