**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

WEBMAP TECHNOLOGIES LLC,

     v.

CITY ACCOMODATIONS NETWORK, INC.;
ET AL.

Civil Action No. 2:09-CV-0343-DF-CE

<u>**DEFENDANT GOOGLE INC.'S MOTION TO STRIKE PLAINTIFF WEBMAP**</u>
<u>**TECHNOLOGIES LLC'S PRELIMINARY INFRINGEMENT CONTENTIONS**</u>

Defendant Google Inc. ("Google"), pursuant to Patent Rule 3-1, moves the Court to strike

Plaintiff WebMap Technologies LLC's ("WebMap") preliminary infringement contentions

("PICs") as to claims 1, 2, 6, 9, 13, and 16 of U.S. Patent No. 6,772,142 (the "'142 Patent").

**I.      INTRODUCTION AND STATEMENT OF FACTS**

The Court should strike WebMap's PICs because they do not comply with Patent Rule 3-

1(c), which requires "a chart identifying specifically where each element of each asserted claim

is found within each Accused Instrumentality."

WebMap's PICs assert infringement of claims 1, 2, 6, 9, 13, 16, 17, 21, 22, and 24 of the

'142 Patent.  (Declaration of David S. Almeling In Support Of Motion To Strike Exs. A, B, and

C.)  In the PICs, WebMap deleted an element from claim 1 and certain claims that depend from

claim 1 (i.e., 2, 6, 9, 13, and 16).  (*Id.* Exs. B at 19 and C at 14.)  Specifically, claim 1 of the '142

Patent reads:

> 1.  A computer-implemented method for aggregating and expressing
> geographically-linked data provided by a plurality of observers, comprising the
> steps of:
> a) providing an interactive map capable of receiving geographical location and
> associated data over the Internet from a plurality of observers;
> b) receiving a first geographical location and first associated data from a first
> observer;

c) storing said geographical location and said first associated data received from said first observer in a database as data records according to said geographical location;

d) receiving a second location and second associated data from a second observer;

e) repeating steps c) ***and d)*** with said second location and second associated data;

f) receiving a spatial query from a user specifying at least one location on said interactive map; and

g) providing from the database the data records associated with the user-specified at least one location, the data records provided being from among the data records received from the plurality of observers and stored in the database.

('142 Patent at 8:28-52 (emphasis added).)

But WebMap's PICs include the following modified version of claim 1 in which WebMap used two strikethroughs to delete a claim element:

1.   A computer-implemented method for aggregating and expressing geographically-linked data provided by a plurality of observers, comprising the steps of:

a) providing an interactive map capable of receiving geographical location and associated data over the Internet from a plurality of observers;

b) receiving a first geographical location and first associated data from a first observer;

c) storing said geographical location and said first associated data received from said first observer in a database as data records according to said geographical location;

d) receiving a second location and second associated data from a second observer;

e) repeating step~~s~~ c) ~~***and d)***~~ with said second location and second associated data;

f) receiving a spatial query from a user specifying at least one location on said interactive map; and

g) providing from the database the data records associated with the user-specified at least one location, the data records provided being from among the data records received from the plurality of observers and stored in the database.

(Almeling Decl. Ex. B at 19 and C at 14 (emphasis added).)

WebMap did not have the permission of either the U.S. Patent & Trademark Office or this Court to alter the text of an issued patent. Nonetheless, using two strikethroughs, WebMap unilaterally deleted the claim element of "repeating . . . step[] d) with said second location and second associated data," and, consequently, failed to identify where this claim element is found within any accused Google product. WebMap cannot avoid the requirements of Patent Rule 3-

1(c) by simply deleting an element of the claim.  Thus, the Court should strike WebMap's PICs

as to claim 1 and its dependent claims (claims 2, 6, 9, 13, and 16).

## II.     ARGUMENT: THE COURT SHOULD STRIKE WEBMAP'S PICS

### A.     WebMap's PICs Do Not Comply With Patent Rule 3-1 Because They Do Not Identify Where Each Element Of Each Asserted Claim Is Found In Google's Accused Products

Patent Rule 3-1(c) requires "a chart identifying specifically where each element of each

asserted claim is found within each Accused Instrumentality."  The purpose of Rule 3-1(c) is "to

provide notice of [patentee's] infringement theories."  *EON Corp. IP Holdings v. Sensus USA*

*Inc.*, No. 6:09-cv-116, 2010 WL 346218, at *3 (E.D. Tex. Jan. 21, 2010).  By requiring such

notice, the Patent Rules allow the case to "take[] a clear path, focusing discovery on building

precise final infringement or invalidity contentions and narrowing issues for *Markman*, summary

judgment, trial, and beyond."  *Connectel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 527 (E.D.

Tex. 2005).

Courts frequently find PICs insufficient when, as here, they fail to identify where each

element of each asserted claim is found in each accused product.  For example, in *EON Corp.*,

the court ordered the plaintiff to supplement its PICs in order to "specifically explain how each

accused instrumentality meets the asserted claim elements."  *Id.* at 2010 WL 346218, at *3.

Similarly, in *Connectel*, the court found the plaintiff's PICs insufficient because the "citations to

[defendant's] product manuals and third-party publications do not specifically identify where in

this literature any elements of the asserted claims are found."  391 F. Supp. 2d at 527-28; *see*

*also Davis-Lynch, Inc. v. Weatherford Int'l, Inc.*, No. 6:07-CV-559, 2009 WL 81874, *6 (E.D.

Tex. Jan. 12, 2009) (finding PICs inadequate because the plaintiff's charts and diagrams did not

identify each element in each accused product).

WebMap's PICs similarly fail to satisfy Patent Rule 3-1.  By deleting an element of claim

1(e) in its version of the claim language — i.e., "e) repeating step~~s~~ c) **_and d_** with said second location and second associated data" (Almeling Decl. Exs. B at 19 and C at 14 (emphasis added)) — WebMap **_completely failed_** to identify any Google product that meets this limitation — i.e. that is "repeating . . . step[] d) with said second location and second associated data." Essentially, WebMap's claim chart leaves a blank box next to this element because WebMap does not identify any instrumentality that practices this step.  WebMap's PICs are deficient and should be struck because they do not identify how each accused instrumentality practices each element of claim 1 and dependent claims 2, 6, 9, 13, and 16.

### B.     WebMap May Not Use Its PICs To Rewrite Its Claims

WebMap cannot defend its failure to comply with Rule 3-1(c) by arguing that its PICs include the "correct" version of claim 1.  There are only two options for revising claim language in an issued patent.  Neither of which permits what WebMap did here — unilaterally deleting a claim element in Rule 3-1(c) PICs.

First, the Patent Act permits the U.S. Patent & Trademark Office ("USPTO") to make certain types of revisions in certain circumstances through a certificate of correction, 35 U.S.C. §§ 254-255, or reissuance of a patent.  35 U.S.C. § 251.  The Patent Act does not permit courts to issue certificates of correction or to reissue patents.  WebMap has not pursued this option.

Second, there is **_one_** type of situation in which a court may revise claim language, and it is an exceedingly rare situation.  So rare, in fact, that this Court has described it as a "nearly impossible standard for judicial correction of a patent."  *Advanced Tech. Incubator, Inc. v. Sharp Corp.*, No. 2:07-CV-468, 2009 WL 4403314, at *19 (E.D. Tex. June 26, 2009) (quoting *LG Elecs., Inc. v. Quanta Computer, Inc.*, 566 F. Supp. 2d 910, 913 (W.D. Wis. 2008)).

The only situation in which a district court can revise claim language is when there is an "obvious error" and that error is "evident from the face of the patent itself."  *Novo Indus. L.P. v.*

*Micro Molds Corp.*, 350 F.3d 1348, 1354, 1357 (Fed. Cir. 2003). The nearly impossible test for revising claim language is that the patent owner must show that both "(1) the correction is not subject to reasonable debate based on consideration of the claim language and the specification and (2) the prosecution history does not suggest a different interpretation of the claims." *Id.* at 1357. The standard for judicial correction is so high because the USPTO is the institution that should "bring its expertise to bear and consider whether . . . a correction is appropriate." *Id.*

Even if WebMap had requested that the Court revise the language of claim 1(e) instead of unilaterally attempting to revise the language itself, WebMap fails both parts of this two-part test. Applying the first part, courts have refused to rewrite claim language when there is any question as to whether revision is appropriate. For example, in *Advanced Tech. Incubator*, the Court refused to change the word "the" to "an" because "the purported error [was] more significant than a mere misspelling or missing letter." 2009 WL 4403314, at *19. In *Linksmart Wireless Tech., LLC v. T-Mobile USA, Inc.*, the court refused to alter the phrase "location the user access" because there were multiple ways in which the claim could be corrected — i.e., it could either be changed to "locations" or to "accesses." No. 2:08-CV-264-DF-CE, 2010 WL 2640402, *11 (E.D. Tex. June 30, 2010). WebMap's proposed revision is even more significant and questionable than the rejected revisions in *Advanced Tech. Incubator* and *Linksmart*. Rather than simply altering a single letter or word, WebMap is attempting to delete an ***entire element***.

For the second part, there is nothing in the prosecution history to suggest a different interpretation of the claims. From the time the applicants first applied for this patent to the time the patent issued, the relevant text of claim element 1(e) remained unchanged, and there was no suggestion of a different interpretation. (Almeling Decl. Ex. D.)

In the end, WebMap may not use its PICs to delete an element of its claims and thus

cannot defend its failure to comply with Rule 3-1(c).

## III.    CONCLUSION

Because WebMap deleted a claim element and thus failed to identify how each accused Google product practices that deleted element of claim 1 and dependent claims 2, 6, 9, 13, and 16, the Court should strike WebMap's PICs as to those claims.

Dated:  August 5, 2010

Respectfully submitted,

 */s/ Harry L. Gillam, Jr.*
Harry L. Gillam, Jr. (gil@gillamsmithlaw.com)
State Bar No. 07921800
Melissa R. Smith (melissa@gillamsmithlaw.com)
State Bar No. 24001351
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Luann L. Simmons (lsimmons@omm.com)
Nora M. Puckett (npuckett@omm.com)
David S. Almeling (dalmeling@omm.com)
Whitney E. McCollum (wmccollum@omm.com)
O'MELVENY & MYERS LLP
2 Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700
Fax: (415) 984-8701

Stephen J. Akerley (sakerley@omm.com)
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, CA 94025
Telephone: (650) 473-2600
Fax: (650) 473-2601

**ATTORNEYS FOR DEFENDANT
GOOGLE INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail or facsimile transmission, on this the 5th day of August, 2010.

*/s/Harry L. Gillam, Jr.*
Harry L. Gillam, Jr.

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that lead trial counsel and local counsel for WebMap (i.e., John Edmonds and Andrew Spangler) and lead trial counsel and local counsel for Google (i.e., Luann L. Simmons, David S. Almeling, and Harry L. Gillam, Jr.) conferred on August 4, 2010, in compliance with the requirements of Local Rule CV-7(f). Although the parties made efforts to reach an agreement, WebMap opposes the filing of this motion. Specifically, Google presented its positions and the relief it requests, and WebMap stated its opposition; WebMap then stated its position and the relief it requests, and Google stated its opposition. Accordingly, discussions have ended at an impasse, leaving the issue open for the Court to resolve.

Dated: August 5, 2010

*/s/ David S. Almeling*
David S. Almeling

SF1:799167.6