UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WEBMAP TECHNOLOGIES, LLC | § | |
| | § | |
| | § | |
| vs. | § | CASE NO. 2:09-CV-343-DF-CE |
| | § | |
| | § | |
| GOOGLE, INC., ET AL. | § | |

REPORT AND RECOMMENDATION

I.     Introduction

        The above-referenced case was referred to the undersigned United States Magistrate Judge

for pre-trial purposes in accordance with 28 U.S.C. § 636.  Pending before the Court are defendant

Yahoo!, Inc.'s ("Yahoo") renewed motions to dismiss for failure to state a claim.  (Dkt. Nos. 114

and 196).   Yahoo initially filed its motion to dismiss Plaintiff's portions of Plaintiff's initial

complaint and renewed its motion when Plaintiff's subsequent amendments mooted Yahoo's

pending motions.  Yahoo asks the Court to dismiss Plaintiff's willfulness allegation and to strike

Plaintiff's request that the Court find that this is an exceptional case as it relates to Yahoo.  For the

reasons stated below, the undersigned recommends that Defendant's motion be GRANTED in part

and DENIED in part.

II.     Analysis

        A.     Applicable Law Regarding Motions to Dismiss

        By written motion, a party may move to dismiss a complaint for failure to state a claim upon

which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  When reviewing a motion to dismiss, courts

look only to the allegations in the complaint to determine whether they are sufficient to survive

dismissal.  *See Jones v. Bock*, 549 U.S. 199, 215 (2007).  Motions to dismiss are purely procedural

questions to which the Federal Circuit applies the law of the regional circuit.  *CoreBrace LLC v. Star*

*Seismic LLC*, 566 F.3d 1069, 1072 (Fed. Cir. 2009).

Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing

that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Supreme Court has held that a

complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss,

but the pleader's obligation to state the grounds of entitlement to relief requires "more than labels

and conclusions."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The well-pleaded facts

must permit the court to infer more than just the mere possibility of misconduct.  *Ashcroft v. Iqbal*,

129 S. Ct. 1937, 1949 (2009).  The Federal Circuit has rejected the argument that *Twombly* changed

the pleading requirements of Rule 8(a) in patent infringement cases.  *McZeal v. Sprint Nextel Corp.*,

501 F.3d 1354, 1357 n.4 (Fed. Cir. 2007).  In the Fifth Circuit, motions to dismiss under Rule

12(b)(6) are viewed with disfavor and rarely granted.  *Lormand v. US Unwired, Inc.*, 565 F.3d 228,

232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

## B.      Post-filing Willfulness

Plaintiff has amended its complaint to limit its willfulness allegations against Yahoo to post-

filing behavior.  Yahoo claims that, as a matter of law, Plaintiff is barred from recovering for

Yahoo's alleged post-filing willful infringement because Plaintiff has not sought a preliminary

injunction.  To support this argument, Yahoo cites *Seagate*.  *In re Seagate Tech., LLC*, 497 F.3d

1360 (Fed. Cir. 2007).  *Seagate* states:

> By contrast, when an accused infringer's post-filing conduct is
> reckless, a patentee can move for a preliminary injunction, which
> generally provides an adequate remedy for combating post-filing

willful infringement.  A patentee who does not attempt to stop an accused infringer's activities in this manner should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct.  Similarly, if a patentee attempts to secure injunctive relief but fails, it is likely the infringement did not rise to the level of recklessness.

* * *

We also recognize that in some cases a patentee may be denied a preliminary injunction despite establishing a likelihood of success on the merits, such as when the remaining factors are considered and balanced.  In that event, whether a willfulness claim based on conduct occurring solely after litigation began is sustainable will depend on the facts of each case.

497 F.3d at 1374 (citations omitted).

Plaintiff argues that the portion of *Seagate* cited is dicta, and even so, it concludes with the disclaimer that post-filing willfulness determinations will depend on the facts of each case.

In support of its position, Plaintiff cites multiple post-*Seagate* district court decisions where a party's failure to successfully move for a preliminary injunction did not bar the patentee from seeking enhanced damages from post-filing willful infringement.  *See Affinity Labs of Texas, LLC v. Alpine Elecs. of Am., Inc.,* No. 9:08-CV-171, slip op. at 2 (E.D. Tex. Sept. 2, 2009) ("[T]here is no *per se* rule that a patentee who relies solely on post-filing conduct for his willfulness claim is foreclosed from receiving enhanced damages if he does not also seek preliminary injunctive relief") (Clark, J); *see also ACCO Brands, Inc. v. PC Guardian Anti-Theft Prods., Inc.*, 592 F. Supp. 2d 1208, 1227 (N.D. Cal. 2008) (holding that, under *Seagate*, once a patentee files for a preliminary injunction, a defendant's conduct from before the filing for preliminary injunction may be considered in determining willfulness); *St. Clair Intellectual Prop. Consultants, Inc. v. Palm, Inc.*, 2009 WL 1649751, at *1 (D. Del. Jun. 10, 2009) (holding that, when a patent in a pending case exited reexamination without narrowed claims, the patentee had established sufficient high likelihood that

3

defendant infringed a valid patent that patentee could allege willful infringement without first seeking a preliminary injunction); *Krippelz v. Ford Motor Co.*, 636 F. Supp. 2d 669, 675 (N.D. Ill. Mar. 25, 2009) (holding that a patentee's failure to seek a preliminary injunction is irrelevant to the availability of enhanced damages for willful infringement where the defendant had engaged in willful infringement prior to filing); *Novartis Pharms. Corp. v. Teva Pharms. USA, Inc.*, 2009 WL 483865 (D.N.J. Feb. 25, 2009) (refusing to dismiss a patentee's willful infringement claim after denying patentee a preliminary injunction and holding that failure to obtain preliminary injunction did not preclude a finding of willful infringement under *Seagate*).

Of the cases cited by Plaintiff, only *Affinity Labs* directly supports Plaintiff's stated position. In *Affinity Labs*, the parties apparently agreed that Plaintiff's willfulness pleading was adequate, but the defendants contended that Plaintiff's failure to seek a preliminary injunction barred recovery for willful infringement. The defendants asked the court to determine whether a *per se* rule existed to bar willful infringement claims in the absence of a party seeking a preliminary injunction. *See* 9:08-cv-171, Dkt. No. 143 at 7. The court decided, as the cases cited above indicate, that certain extenuating circumstances may exist to allow a plaintiff to sustain a claim of post-filing willful infringement despite the plaintiff's failure to first seek a preliminary injunction. Those circumstances include a material change that could create an objectively high likelihood of infringing a valid patent, such as a patent surviving reexamination proceedings without narrowed claims. *See St. Clair*, 2009 WL 1649751, at *1. The other cases cited involve either pre-filing willful infringement or a preliminary injunction, and are distinguishable from the facts of this case. Because Yahoo has not conceded that Plaintiff has adequately pled willfulness and Plaintiff's pleading

4

contains none of the exceptional circumstances cited by the court in its *Affinity Labs* opinion, this case is different.

Defendants raise another recent district court decision that the undersigned finds more analogous to the present case. In *Anascape*, the court held that a patentee who did not attempt to stop a defendant's alleged infringement during the course of litigation was not entitled to benefit from its lack of diligence by obtaining enhanced damages for willfulness during the post-filing period. *Anascape, Ltd. v. Microsoft Corp.*, 2008 WL 7182476, at *3 (E.D. Tex. 2008) (Clark, J). The court did not find a *per se* rule but held that, under those circumstances, a motion for preliminary injunction or some other attempt to stop the allegedly infringing behavior was required to support a claim for post-filing willful infringement. The facts in *Anascape* were far more favorable than the pleadings for the plaintiff in this case. In *Anascape*, the plaintiff adequately pled pre-filing willful infringement and produced evidence of dealings between the defendants and the plaintiff regarding patents related to the one asserted in the case. Plaintiff relied on its pre-filing willfulness allegation to accrue enhanced damages for post-filing willful infringement. When the plaintiff failed to produce evidence that the defendants had actual pre-filing knowledge of the specific patent in suit and had its pre-filing willful infringement claim denied at summary judgment, the court also denied its claim for post-filing willful infringement on the grounds that the plaintiff failed to take action to stop any continued willful infringement.

In this case, Plaintiff does not rely upon any allegation of pre-filing willful infringement and has made no effort to stop Yahoo's alleged continued willful infringement. Accordingly, under the court's reasoning in *Anascape*, Plaintiff is not entitled to accrue enhanced damages for willful infringement.

Although there are situations where post-filing willful infringement can be alleged without the plaintiff first seeking a preliminary injunction, the procedure for seeking a preliminary injunction tests the reasonableness of a defendant's non-infringement and invalidity theories at the time that the defendant is relying upon those theories. *Seagate* states that the standard for determining whether a patentee is entitled to a preliminary injunction is similar to the standard for determining whether post-filing infringement is willful. 497 F.3d at 1374 ("A substantial question about invalidity or infringement is likely sufficient not only to avoid a preliminary injunction, but also a charge of willfulness based on post-filing conduct."). Because only the plaintiff can invoke this test at the time the alleged infringement is taking place, a plaintiff's failure to seek a preliminary injunction forces a defendant to choose between resting on theories of invalidity and non-infringement it believes to be objectively reasonable and engaging in costly and potentially unnecessary redesign of its accused products.

In the present action, Yahoo is unfairly prejudiced by Plaintiff's attempt to claim post-filing willful infringement without first seeking a preliminary injunction. Even assuming *Seagate* may be dicta on this point, the undersigned concludes it accurately reflects the general rule in the Federal Circuit. No extenuating circumstances have been alleged in this case that would justify a departure from that rule. Accordingly, the undersigned recommends that Yahoo's motion to dismiss the portion of Plaintiff's complaint alleging post-filing willful infringement be GRANTED, and the claim for willful infringement should be dismissed without prejudice.

Plaintiff should be granted leave to amend its complaint to allege willful infringement if, at some future time, Plaintiff seeks a preliminary injunction and is denied such an injunction under the circumstances envisioned by *Seagate*. In the absence of an attempt to obtain a preliminary

6

injunction, Plaintiff may also amend its complaint to include an allegation of willful infringement if it pleads other extraordinary facts sufficient to show an objectively high likelihood of infringing a valid patent arising after filing as in *St. Clair*.

### C.   Exceptional Case

Plaintiff asks the Court to find its case exceptional under 35 U.S.C. § 285 and award its reasonable attorney's fees.  Relief under § 285 is only available in certain limited circumstances, including willful infringement, litigation misconduct, and bad faith litigation.  *See Wedgetail, Ltd. v. Huddleston Deluxe, Inc.*, 576 F.3d 1302, 1304-5 (Fed. Cir. 2009).  Yahoo seeks to strike this request from Plaintiff's complaint should Plaintiff's willful infringement allegations be dismissed. Although willful infringement is one of the circumstances in which the Court may find a case exceptional, it is not the only one.  Other circumstances, including litigation misconduct and bad faith litigation, are not typically part of the pleadings.  Accordingly, the undersigned recommends that Yahoo's request that the Court strike Plaintiff's request to find this case exceptional under 35 U.S.C. § 285 be DENIED.

## III.   Conclusion

For the reasons stated above, the undersigned recommends GRANTING in part and DENYING in part Yahoo's motion to dismiss.  The claim for post-filing willful infringement should be DISMISSED without prejudice until Plaintiff seeks and the court rules upon a preliminary injunction in accord with *Seagate* or Plaintiff pleads other extraordinary circumstances sufficient to show an objectively high likelihood of infringing a valid patent arising after filing as in *St. Clair*. A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within fourteen days after being served with a copy shall bar that party from

7

de novo review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings, and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

      SIGNED this 10th day of September, 2010.

CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE